IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN L. KENNARD,<br><br>        Petitioner,<br><br>        v.<br><br>WILLIAM CONNOLLY, Superintendent,<br>Fishkill Correctional Facility,[1]<br><br>        Respondent. | No. 9:10-cv-1562-JKS<br><br>MEMORANDUM DECISION |

Stephen L. Kennard, a New York state prisoner proceeding *pro se*, filed a Petition for Writ

of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Kennard is in the custody of the

New York State Department of Corrections and Community Supervision and is incarcerated at

Fishkill Correctional Facility. Respondent has answered. Kennard has not filed a Traverse.

I. BACKGROUND/PRIOR PROCEEDINGS

Kennard pled guilty to a single count of course of sexual conduct against a child in the

first degree with the understanding that he would be sentenced to a term of imprisonment not

greater than 15 years' imprisonment and 5 years' post-release supervision. The trial court

sentenced Kennard consistent with the plea bargain to 15 years in prison and 5 years of post-

release supervision.

---

[1]     William Connolly, Superintendent, Fishkill Correctional Facility, is substituted
for Thomas LaValley, Superintendent, Clinton Correctional Facility. FED. R. CIV. P. 25(c).
LaValley's name appears to have been incorrectly identified in the case caption as LaValle.

Kennard filed a counseled brief to the Appellate Division, arguing that his sentence was harsh and excessive. The Appellate Division unanimously affirmed in a reasoned opinion, finding "neither an abuse of discretion by [the trial court] nor the existence of extraordinary circumstances warranting a modification of the sentence in the interest of justice." The Court of Appeals denied Kennard's motion for leave to appeal.

Kennard filed a *pro se* motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Kennard claimed trial counsel was ineffective for failing to meet with him and to investigate the "most critical aspects of [his] case," including that 1) at the time of his confession to police, Kennard "was having a hard time understanding what was taking place" because he was in pain due to a back injury and needed his medication; 2) the victim's two younger brothers informed Kennard that the victim "was having a sexual relationship with a cousin, and that she was having his baby"; and 3) counsel should look into the results of the DNA test that he gave to police at the time of his confession. He further argued that he was innocent of the charges and suggested that he pled guilty against his will.

The court denied Kennard's motion in a reasoned opinion, concluding that Kennard's plea was knowingly and voluntarily entered and that he was effectively represented by counsel who limited Kennard's sentencing exposure. The court noted that "[Kennard] was not strapped with ineffective assistance of counsel, but was strapped with an effective prosecution case against him. The young girl was prepared to testify against him at the trial which had already commenced, [Kennard] knew this, and he knowingly and voluntarily elected to take the benefit of a plea bargain and plead guilty to the charge against him."

Kennard claims in his Petition that he applied for leave to appeal the court's denial of his CPL § 440.10 motion, and that his application was denied. However, Respondent asserts that after inquiring with the Office of the Attorney General, it found no record of any such application for leave to appeal. Kennard later attempted to "withdraw" his § 440.10 motion, which the court denied, observing that the motion had already been denied months earlier.

Kennard filed a *pro se* petition for writ of error coram nobis, arguing that his appellate counsel was ineffective for "completely speciously" arguing that his sentence was harsh and excessive while failing to include other "obvious, meritorious" claims. The Appellate Division summarily denied the petition, and the Court of Appeals denied leave to appeal.

Respondent concedes that Kennard timely filed his Petition to this Court because, although Kennard filed his Petition more than one year after his conviction became final, the limitations period had been tolled due to Respondent's failure to serve Kennard with the dispositions of his timely filed state collateral motions for relief.

## II. ISSUES RAISED

In his Petition to this Court, Kennard raises the following claims for habeas relief: 1) trial counsel was ineffective for failing to argue for the suppression of his confession to the police on the ground that he was under the influence of prescription medications at the time he gave his statement; 2) appellate counsel was ineffective for raising the "frivolous" claim on direct appeal that the sentence was harsh and excessive while failing to raise other meritorious claims; and 3) he is actually innocent of the crime to which he pled guilty.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision," *Williams*, 529 U.S. at 412, and not circuit precedent, *see Renico v. Lett*, 559 U.S. 766, 778 (2010). The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds and not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted). In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000).

Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Kennard did not file a traverse. 28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal unsupported by an evidentiary basis, the court must accept Respondent's allegations. *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

IV. DISCUSSION

Claim One: Ineffective Assistance of Trial Counsel

Kennard first argues that trial counsel was ineffective for failing to "petition the State court to suppress [his confession to police] upon the ground that it was made under the influence of presc[r]ibed medications, rendering such confession invalid." Pet. at 6.

Review of this claim is precluded by Kennard's guilty plea. The Supreme Court has directly addressed the subject, stating as follows:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Kennard does not argue that his plea was involuntary. Any such claim would be meritless in any event. During his plea colloquy, Kennard stated that other than back and neck problems, he was in good health. Kennard also stated that he had sufficient time to discuss the plea with his attorney from whom he received sound legal advice, that by pleading guilty he was giving up certain rights, and that no one had coerced or threatened him into pleading guilty. Notably, Kennard also stated in the affirmative that he gave a statement to the police confessing that he had sexual intercourse with a child less than thirteen on more than one occasion, that the police reduced to writing what Kennard told them, that the police took his statement without violating his rights, that he "knew what [he] w[as] doing" when he gave the statement, and that the police treated him fairly in taking his statement. A criminal defendant's self-inculpatory statements made under oath at his plea allocution "carry a strong presumption of verity," *United States v. Maher,* 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)), and "are generally treated as conclusive in the face of the defendant's later attempt to contradict them," *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999). Kennard's representations during his plea colloquy indicate that both his confession and guilty plea were voluntarily entered.

Moreover, Kennard's claim is belied by the record. Defense counsel filed an omnibus motion arguing, *inter alia*, that Kennard's confession should be suppressed because it was involuntary and taken in violation of his constitutional rights. Defense counsel requested a *Huntley* hearing to determine the voluntariness of Kennard's statement to the police.[2] The court

---

[2]     *People v. Huntley*, 204 N.E.2d 179 (N.Y. 1965).

found Kennard's hearing testimony to be "incredible," concluding that his confession was given knowingly, voluntarily and intelligently. Kennard is therefore not entitled to relief on this claim.

Claim Two: Ineffective Assistance of Appellate Counsel

Kennard next argues, as he did in his petition for writ of error coram nobis, that his appellate counsel was ineffective for arguing on direct appeal the "frivolous" claim that his sentence was harsh and excessive "[d]espite being made aware of [his] medical records, [and] ascertaining his medical condition as of the time of the confession."

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant "must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." 466 U.S. 668, 687 (1984). In order to demonstrate the first prong of Strickland, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (citation omitted). On the contrary, the Second Circuit has stressed that it is essential for appellate counsel to "examine the record with a view to selecting the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752 (1983). Counsel may "winnow[] out" weaker arguments on appeal and focus on key issues which present the most promising for review. *Id.* at 751. Raising every colorable claim in an appellate brief may mean that none of the arguments receive adequate attention or that weak arguments "dilute the force of the stronger ones." *Id.* at 752 (citation omitted). Instead, Kennard must demonstrate that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) (quoting *Mayo*, 13 F.3d at 533).

Kennard's claim is somewhat unclear. He appears to suggest that appellate counsel should have instead raised the claim that trial counsel was ineffective for failing to move to suppress Kennard's confession, or that appellate counsel should have argued on appeal that his confession was involuntary due to his "medical condition" at the time of his confession. Both claims are plainly meritless. As discussed *supra*, trial counsel did, in fact, argue that Kennard's confession should have been suppressed, and Kennard stated under oath at his plea colloquy that his confession to police was an accurate statement of his conduct. Any effort by appellate counsel to argue that the confession was involuntary or that trial counsel was ineffective for failing to argue for suppression would have been without merit, and counsel cannot be ineffective for failing to raise meritless arguments. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute prejudice under a *Strickland* ineffective assistance of counsel claim)*; Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that it is not ineffective counsel to fail to raise meritless claims). Contrary to Kennard's suggestion, appellate counsel's performance was not deficient in this regard. *Strickland*, 466 U.S. at 697 (an ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs). Counsel permissibly winnowed out the weak arguments on direct appeal. *See Barnes*, 463 U.S. at 751. Kennard cannot prevail on this claim.

Claim Three: Actual Innocence

Finally, Kennard attempts to bring a claim of actual innocence. Pet. at 7. As Respondent correctly notes, while a federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo*, 513 U.S. 298, 326 (1995), or to overcome

AEDPA's one-year statute of limitations, *McQuiggins v. Perkins*, __U.S.__, 133 S. Ct. 1924, 1928 (2013), the Supreme Court has not resolved whether a non-capital prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence, *McQuiggins*, 133 S. Ct. at 1931; *see House v. Bell*, 547 U.S. 518, 554-55 (2006); *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 71-72 (2009). The Supreme Court has instead declined to answer the question, noting that where "[p]etitioner has failed to make a persuasive showing of actual innocence[,] . . . the Court has no reason to pass on, and appropriately reserves, the question whether federal courts may entertain convincing claims of actual innocence." *Herrera v. Collins*, 506 U.S. 390, 427 (1993) (O'Connor, J., concurring). Although the Second Circuit has also not ruled on whether a claim of actual innocence is cognizable on habeas review, *see Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010) (citing *Dist. Attorney's Office*, 557 U.S. at 71, and noting that whether an actual innocence claim is cognizable is an open question), it has "come close" to granting habeas relief on grounds of actual innocence, *see DiMattina v. United States*, 949 F. Supp. 2d 387, 417 (E.D.N.Y. 2013) (citing cases).

Assuming, but not deciding, that a freestanding actual innocence claim is cognizable in a § 2254 proceeding, the Supreme Court has described the threshold showing of evidence as "extraordinarily high." *Herrera*, 506 U.S. at 417. "The sequence of the Court's decisions in *Herrara* and *Schlup*—first leaving unresolved the status of freestanding claims and then establishing the gateway standard—implies at the least that *Herrara* requires more convincing proof of innocence than *Schlup*." *House*, 547 U.S. at 555.

Measured against this standard, Kennard has fallen far short of establishing his actual innocence. Kennard has not presented any evidence, much less "new" evidence of the type or

-9-

quantity that would call his conviction into question. Moreover, the fact that Kennard pled guilty

cuts against his actual innocence claim. *See Lucidore v. Div. of Parole*, 209 F.3d 107, 114 (2d

Cir. 2000) (district court correctly concluded that petitioner failed to make adequate showing of

actual innocence to overcome statute of limitations where he pled guilty and made inculpatory

statements to the victim). Absent any additional evidence of the nature or quality required by

*Schlup*, Kennard has failed to make a credible showing of actual innocence and cannot

demonstrate that it is more likely than not that no reasonable juror would have convicted him.

*Schlup*, 513 U.S. at 324. Consequently, he not entitled to relief on this ground.

## V. CONCLUSION

Kennard is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a

certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: March 14, 2014.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge